﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190705-15285
DATE: June 30, 2020

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for a left knee condition is remanded.

Entitlement to service connection for a right knee condition is remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1982 to April 1984. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 rating decision of a U.S. Department of Veterans Affairs (VA) Regional Office. The Veteran chose to have additional evidence reviewed.

1. Entitlement to service connection for bilateral hearing loss and for a right knee condition is remanded.

A September 2018 record indicates that there may be outstanding and relevant Social Security Administration (SSA) records. SSA Inquiry Results indicate an August 2000 disability onset date, but do not indicate the disability or disabilities on which the agency’s decision was made. A remand is required to allow VA to request these records. 

 

2. Entitlement to service connection for a left knee condition is remanded.

The VA has a duty to assist, which includes providing a medical examination when necessary to decide a claim. 38 C.F.R. § 3.159(c)(4)(i).

The record contains enough evidence to trigger the VA’s duty to assist by providing a VA examination. The Veteran alleged that his left knee condition was caused by his active service. The service treatment records document treatment for left knee pain in November 1983 and January 1984. 

As the record indicates that the Veteran may have a current left knee disability and he was twice treated for left knee pain while he was in service, the Board finds a remand is necessary for a VA examination to determine if current left knee symptomology is linked to active duty. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); see McLendon v. Nicholson, 20 Vet. App. 79 (2006). This is a pre-decisional duty to assist error.

The matters are REMANDED for the following actions:

1. Request from SSA relevant information to include a copy of any decision awarding benefits and copies of any medical records upon which SSA based its decision. If the requested records do not exist or cannot be obtained, the claims file should be documented accordingly. 38 C.F.R. § 3.159.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any left knee condition found on examination. The examiner must opine whether any knee disorder found is at least as likely as not related to an in-service injury, event, or disease, including complaints of left knee pain.

The term “at least as likely as not” does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a certain conclusion is so evenly divided that it is as medically sound to find in favor of such a conclusion as it is to find against it.

In rendering this opinion, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the medical professional rejects the Veteran’s reports, he or she must provide an explanation for such rejection. The examiner is not to improperly discount the Veteran’s lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions. 

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board James Hekel, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.